IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WEY INVESTMENTS, LLC, a Nevada limited liability company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ERIC LINDSTROM, an individual; and SINOTERRA GLOBAL LIMITED, a foreign corporation,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br>Case No. 2:22-CV-234 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Plaintiff's Motion to Remand. Defendants failed to respond and the time to do so has expired.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

　　　　Plaintiff brought this action in Utah state court, asserting claims for breach of contract, fraud, unjust enrichment, and violations of the Utah Securities Act. Defendant Eric Lindstrom purported to remove this action invoking the Court's diversity jurisdiction. Defendant assert that complete diversity exists because: Plaintiff Wey Investments is a Nevada limited liability company and that is members are citizens of Nevada, Defendant Lindstrom is a citizen of Utah, and Defendant Sinoterra Global Limited is a foreign corporation with its principal place of business in Ireland. Plaintiff seeks remand under the forum defendant rule.

---

　　　　[1] DUCivR 7-1(a)(4)(D) (providing a 14-day period to respond to all motions other than those brought under Fed. R. Civ. P. 12(b), 12(c), 23(c), and 56(a)).

1

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[2] A civil action brought in state court may be removed to federal court when "the district courts of the United States have original jurisdiction."[3] At issue here is the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). However, an action that is otherwise removable "solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."[4] Removal statutes are to be strictly construed and all doubts are to be resolved against removal."[5] "[T]he parties removing [the] case to federal court . . . bear the burden of establishing jurisdiction by a preponderance of the evidence."[6]

As stated, Defendant invokes the Court's diversity jurisdiction as the basis for removal. However, since Defendant Lindstrom is a citizen of Utah, this action may not be removed to this Court pursuant to 28 U.S. C. § 1441(b)(2). Though Defendant did not respond to Plaintiff's Motion to Remand, in an email to Plaintiff's counsel, Defendant Lindstrom asserts that his citizenship should be ignored because he is a nominal party.[7] It is true that the Court "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties

---

[2] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal citations and quotation marks omitted).

[3] 28 U.S.C. § 1441(a).

[4] *Id.* § 1441(b)(2).

[5] *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

[6] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

[7] Docket No. 7-1, at 2.

to the controversy."[8] Yet even a cursory review of Plaintiff's Complaint reveals that Defendant Lindstrom is much more than a nominal party. Rather, he was allegedly responsible for making the fraudulent statements that give rise to Plaintiff's claims.[9]

Plaintiff also requests its attorney's fees and costs in filing this Motion. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of costs and expenses, including attorney fees. "[T]he standard for awarding fees should turn on the reasonableness of the removal."[10] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[11]

Given the clear statutory provision preventing a home state defendant from removing a diversity action to federal court, the Court concludes that Defendant's decision to remove was objectively unreasonable. This finding is supported by the fact that, after this action was removed, Plaintiff's counsel contacted defense counsel asking that this matter be remanded but counsel refused. Defendant's failure to respond to Plaintiff's Motion to Remand provides further support for the conclusion that his actions were unreasonable. After all, if Defendant had a valid basis for removal, they surely would have provided it. Therefore, the Court will award Plaintiff its costs and fees in filing the Motion to remand.

---

[8] *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1998) (internal citation omitted).

[9] *See* Docket No. 4-1 ¶¶ 23–30, 37–48.

[10] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

[11] *Id.*

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Remand (Docket No. 7) is GRANTED. It is further

ORDERED that this action be remanded to the Third Judicial District Court, Summit County, State of Utah. It is further

ORDERED that Plaintiff submit a declaration detailing its fees and costs within fourteen (14) days of this Order.

DATED this 17th day of May, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge