IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WEY INVESTMENTS, LLC, a Nevada limited liability company,<br><br>            Plaintiff,<br><br>v.<br><br>ERIC LINDSTROM, an individual; and SINOTERRA GLOBAL LIMITED, a foreign corporation,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT ERIC LINDSTROM'S RULE 60(b) REQUEST TO SET ASIDE REMAND ORDER<br><br>Case No. 2:22-CV-234 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant Eric Lindstrom's Rule 60(b) Request to Set Aside Remand Order. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

      Plaintiff brought this action in Utah state court, asserting claims for breach of contract, fraud, unjust enrichment, and violations of the Utah Securities Act. Defendant Eric Lindstrom purported to remove this action invoking the Court's diversity jurisdiction. Plaintiff sought remand. Defendant failed to timely respond to Plaintiff's request for remand, which the Court granted. Defendant now seeks to set aside the Court's remand order, asserting that the parties agreed to an extension for Defendant to respond to the motion to remand but failed to inform the Court of their agreement.

1

## II.  DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order because of mistake, inadvertence, surprise, or excusable neglect.[1] Relief under Rule 60(b) is an extraordinary remedy and should be granted only in exceptional circumstances.[2] "Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1)."[3]

A mistake under Rule 60(b)(1) occurs when a party "has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party."[4] The Tenth Circuit evaluates four so-called "*Pioneer* factors" in determining whether a party has demonstrated "excusable neglect."[5] These include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[6]

Admittedly, three factors—danger of prejudice to the nonmoving party, the length of delay, and good faith—favor Defendant. However, the remaining factor—the reason for the delay—is the most important, and this factor favors denying the Motion.[7] Defendant's reason for

---

[1] Fed. R. Civ. P. 60(b)(1).

[2] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (internal quotation marks and citation omitted).

[3] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[4] *Cashner*, 98 F.3d at 576.

[5] *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[6] *Id.* (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395) (alteration in original).

[7] *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

delay is that the parties agreed to extend his response deadline, but they did not make this known to the Court. An extension that is not approved by the Court is of no effect.[8] This Court has repeatedly held that the failure of a party to inform the Court of an extension does not constitute excusable neglect.[9] Further, the Tenth Circuit has held that counsel's failure to follow a clear rule cannot be grounds for excusable neglect.[10] Given the clarity of the Court's local rules, counsel has failed to demonstrate excusable neglect for their failure to follow them.

### III. CONCLUSION

It is therefore

ORDERED that Defendant Eric Lindstrom's Rule 60(b) Request to Set Aside Remand Order (Docket No. 16) is DENIED. It is further

ORDERED that the Stipulated Motion to Stay (Docket No. 17) is DENIED AS MOOT.

DATED this 7th day of June, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[8] See DUCivR 83-6; *see also Timothy v. Aqua Fin., Inc.*, No. 2:06-CV-921-TS-PMW, 2007 WL 4299808, at *2 (D. Utah Dec. 5, 2007) (concluding that an agreement by the parties to an extension is ineffective unless it is approved by the Court).

[9] *See, e.g., Reyna v. Am. Mach. & Foundry Co.*, No. 2:08-CV-297-TS, 2009 WL 2365250, at *2 (D. Utah July 30, 2009); *Patel v. Cent. Utah Clinic, P.C.*, No. 2:19-CV-542-TS-PMW, 2019 WL 6118481, at *2 (D. Utah Nov. 18, 2019); *Li v. Lewis*, No. 1:20-CV-12-TS-JCB, 2020 WL 4569245, at *3 (D. Utah Aug. 7, 2020).

[10] *Torres*, 372 F.3d 1163–64.